# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| GREGORY GENE MALLORY § | |
| § | Civil Action No. 4:18-CV-831 |
| v. § | (Judge Mazzant/Judge Nowak) |
| § | |
| LT. FNU MIMS § | |

**MEMORANDUM ADOPTING REPORT AND**
**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On November 17, 2020, the report of the Magistrate Judge (Dkt. #34) was entered containing proposed findings of fact and recommendations that Movant Paris Police Department's Special Appearance to Present Rule 12(b) Motion to Dismiss or Alternative Motion to Quash Service of Process, and Brief in Support Thereof (Dkt. #25) be granted and Plaintiff Gregory Gene Mallory's suit be dismissed without prejudice. Having received the report of the Magistrate Judge, having considered Plaintiff's Objections (Dkt. #36), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted.

Plaintiff filed suit on November 26, 2018 (Dkt. #1) and amended his complaint on March 22, 2019 (Dkt. #6). Plaintiff asserts claims against Defendant Lt. FNU Mims under 42 U.S.C. § 1983 for use of excessive force (Dkt. #6). Plaintiff claims he was assaulted by a Paris Police Department officer during the commission of his arrest on October 11, 2017 and was later wrongly convicted of Assault Public Servant (Dkt. #6). Service was made on the Paris Police Department on February 7, 2020 (Dkt. #26 at p. 2), followed shortly thereafter by Paris Police Department's filing of the instant Motion (Dkt. #25). Therein, the Paris Police Department contends that the Court cannot assert personal jurisdiction over the named Defendant, Lt. FNU

Mims, as no such officer exists (Dkt. #25 at p. 2); service of process was improper (Dkt. #25 at p. 2); and Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) (Dkt. #25 at p. 4). The Magistrate Judge entered a report and recommendation on November 17, 2020, recommending the entirety of Plaintiff's claims be dismissed, in part, due to the *Heck* bar (Dkt. #34). Plaintiff filed objections to the report on December 8, 2020 (Dkt. #36).

## OBJECTIONS TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).

The Court has reviewed Plaintiff's objections and is unable to discern any specific, legal objections to the Magistrate Judge's report and recommendation. Plaintiff continues to argue that he named the correct defendant, Lieutenant Moss, and that the Clerk's Office altered the name of Defendant to "Mims" upon transfer to the Sherman Division (Dkt. #36 at p. 1). Even if that were true, and setting aside any confusion regarding the proper name of the Defendant, the substance of Plaintiff's claims would remain barred by the *Heck* doctrine which Plaintiff contends is "unfair and bias [sic] and it [the *Heck* rule] prejudices the Plaintiff because Plaintiff is being blamed for an act Plaintiff never committed" (Dkt. #36 at 3). This contention of unfairness does not establish that Plaintiff's underlying state conviction "has been invalidated by a state appellate court, a state or federal habeas court, or some other state authority with jurisdiction to do so." *Henry v. Kerr Cty., Tex.*, No. SA:16-CV-284-DAE-PMA, 2016 WL 2344231, at *5 (W.D. Tex. May 2, 2016) (emphasis in original) (citing *Heck*, 512 U.S. at 477). This Court is bound by the *Heck* doctrine. As such, Plaintiff's objections are overruled.

## CONCLUSION

Having considered Plaintiff's Objections (Dkt. #36), all other relevant filings, and having conducted a de novo review, the Court adopts the Magistrate Judge's Report and Recommendation (Dkt. #34) as the findings and conclusions of the Court.

It is therefore **ORDERED** that the Paris Police Department's Special Appearance to Present Rule 12(b) Motion to Dismiss or Alternative Motion to Quash Service of Process, and Brief in Support Thereof (Dkt. #25) is **GRANTED** and Plaintiff's suit is **DISMISSED WITHOUT PREJUDICE**.

All relief not previously granted is hereby **DENIED**.

**IT IS SO ORDERED**.

SIGNED this 11th day of January, 2021.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE